[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
In this matter the plaintiff, a property owner in the City of Shelton, appeals the granting of an application by the defendant Inland/Wetland Commission for the construction of a storm sewer by the defendant City of Shelton.
It is stipulated by counsel that the plaintiff as an abutting property owner is an aggrieved party with standing to pursue this action.
On May 13, 1999 the City of Shelton's City Engineer filed an application with the defendant Inland/Wetland Commission to engage in certain construction relating to the dispersion of storm water adjacent to and upon property of the plaintiff/appellant located at 15 Applewood Drive. The construction contemplated by the defendant City Engineer amounted to an extension and modification of an existing storm water drain in an effort to respond to residents' complaints regarding the inadequacy of the existing system. CT Page 15506
The Engineer according to the record presented several proposals in its applications to the Inland/Wetland Commission before the present application which is appealed from was approved on September 9, 1999. Attempts were made by consultations with the plaintiff to arrive at a plan of construction agreeable to all concerned but the parties were unable to arrive at an accommodation. The defendant City Engineer then proceeded to pursue his application which the Inland/Wetland Commission approved on September 9, 1999.
It should be noted that no construction has been commenced by the City at the time of this appeal.
It is the claim of the plaintiff that notwithstanding the fact that to date only the permit has been approved that such action has created "a cloud" over his property and could create a potential diminution in value should he elect to sell or totally discourage an otherwise interested buyer.
The record does not support the further claim of the plaintiff that the action of the Commission was done without her knowledge as the minutes of the meetings reflect the presence of the homeowner, as well as noting the efforts of the parties to arrive at a mutual agreement as to the nature and extent of the proposed modifications. The record also discloses commission consideration of the claimed safety hazard and they concluded that no hazard existed as the permit was ultimately granted.
There can be no doubt that if the construction precedes and involves the plaintiff's property to the extent that it constitutes a "taking", the plaintiff would be entitled to pursue a claim for damages if an agreement as to compensation was lacking.
The record discloses overall the reasons for the Commissions' decision as noted in the minutes of September 9, 1999 and it is not for this court to substitute its judgment for that of the commission but only to ascertain whether the record provides reasonable support for the action taken. The court finds such support.
The record is also clear that the commission before issuing the permit considered the necessity for and the potential impact of the contemplated construction upon the surrounding environment as required by statute.
As to the plaintiff's concern that the proposed construction will adversely affect the value of her property, it is the courts' conclusion that such concern while understandable does not furnish the basis for the relief requested by the plaintiff. What has occurred to date by action of the municipality is simply planning. Such action is not a "taking" as CT Page 15507 claimed by the plaintiff in paragraph 5(d) of the appeal. See Santiniv. Connecticut Hazardous Waste Management Service, 251 Conn. 121, 123.
The plaintiff's appeal is denied.
George W. Ripley, II Judge Trial Referee